UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                         Plaintiff

v.                                                                           Criminal Action No. 3:19CR-80-RGJ

CLEORETTA ALLEN                                                                                 Defendant

\* \* \* \* \*

## ORDER FOLLOWING ENTRY OF GUILTY PLEA

This matter came before the Court on September 4, 2019, for a change-of-plea hearing. There appeared Amanda E. Gregory and Kate A. Alexander, Assistant United States Attorney, and Defendant, Cleoretta Allen, with retained counsel J. Clark Baird.  The Court's official reporter was Becky Boyd.

The Defendant, by counsel, advised the Court of her desire to withdraw her previously entered plea of not guilty and enter a plea of guilty as to Counts 1-3 of the Indictment, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.

The Court having found the Defendant competent to enter the plea; having found the plea to be knowing, voluntary, and with the advice of counsel; having advised the Defendant of her constitutional rights, and the Defendant having advised the Court that she understood and waived those rights; having advised the Defendant that she would not be allowed to withdraw her plea if her plea agreement is accepted by the Court; and having established a factual basis for the plea,

**IT IS HEREBY ORDERED** as follows:

(1)    The Court accepts the Defendant's plea of guilty as to Counts 1-3 of the Indictment, pursuant to a Rule 11(c)(1) (C) plea agreement executed by all parties to this action.

(2) The Court defers its decision as to the acceptance or rejection of the plea agreement until it has an opportunity to consider the Presentence Investigation Reporter pursuant to Rule 11(c)(3)(A).

(3) The plea supplement shall be filed under seal.

(4) The plea agreement and sealed supplement shall be entered into the record as "proposed."

(5) All other trial and pre-trial dates are **REMANDED** from the Court's docket.

In order to proceed under the Sentencing Reform Act of 1984 (Pub. L. 98-473, Title II, c. 2, Sections 211-239), 18 U.S.C. Sections 3551-3559, **IT IS HEREBY FURTHER ORDERED** as follows:

(1) **Sentencing proceedings** are set in this case for **December 19. 2019 at 10:00 a.m.**, before the Honorable Rebecca Grady Jennings, United States District Judge, in the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

(2) The Defendant and defense counsel shall meet with the probation officer for an interview promptly, and in no event later than ten (10) days from the date of this Order. It shall be the responsibility of defense counsel to contact the probation officer to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

(3) Not less than thirty-five (35) days prior to the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report to the Defendant and to counsel for both the Defendant and the United States. Within fourteen (14) days thereafter, counsel shall contact the Probation Office and opposing counsel to notify the parties as to whether or not there are any objections to any material information, sentencing

classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Report. Any objections shall be in writing. **Notice to the Probation Office and opposing counsel must be given even if no objection exists.**

(4) After receiving counsel's notice of whether there are (or are not) objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Investigation Report that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

(5) Not less than ten (10) days prior to the date of the sentencing hearing, the Probation Officer shall submit the Presentence Investigation Report to the sentencing Judge. The Report shall be accompanied by the written objections of counsel and an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon. The Probation Officer shall provide a copy of any addendum to the Presentence Investigation Report, including any revisions thereof, to the Defendant, counsel for the Defendant, and the United States.

(6) Not less than twenty (20) days prior to the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures. Each party shall disclose to the other if it intends to argue for a non-guideline sentence. The parties shall disclose whether they intend to call witnesses at the hearing and, if so, the nature of the testimony shall be revealed. The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.

(7) For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Andrea Morgan, Case Manager for Judge Jennings, not less than ten (10) days prior to the sentencing hearing.

(8) Not less than ten (10) days prior to the sentencing hearing, the parties **shall** file a Sentencing Memorandum in support of their respective positions on any unresolved objections to the Presentence Investigation Report, including any objections to the calculation of the advisory sentencing guidelines contained therein. Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address any departures or variances requested as well as the factors of 18 U.S.C. § 3553(a).

(9) Except with regard to any objection made under Paragraph 8 that has not been resolved, the Presentence Investigation Report may be accepted by the Court as accurate. The Court, for good cause shown, may allow new objections to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the United States.

(10) The time set forth in this Order may be modified by the Court for good cause shown, except that the ten (10) day period provided for disclosure of the Presentence Investigation Report pursuant to 18 U.S.C. § 3552(d) may be diminished only with the consent of the Defendant.

(11) Nothing in this Order requires the disclosure of any portions of the Presentence Investigation Report that are not disclosable under Criminal Rule 32.

(12) The Presentence Investigation Report shall be deemed to have been disclosed:

    (a) When the Report is physically delivered to counsel;

    (b) One day after the Report's availability is orally communicated to counsel; or

(c) Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(13) It shall be the responsibility of counsel for the Defendant to disclose the Report to the Defendant.

(14) The general conditions of probation as set forth in Probation Form 7A shall apply to the Defendant if placed on probation or supervised release, and all persons placed on probation or supervised release shall submit to photographs by the Probation Officer as a condition of probation or supervised release.

**IT IS FINALLY ORDERED** that the Defendant shall be **remanded to the custody** of the U.S. Marshal.

September 6, 2019

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:   Counsel of record
             Probation Office

Court Time: 00/40
Court Reporter: Becky Boyd

5